IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANNY LEE MEAKINS,<br><br>           Petitioner,<br><br>vs.<br><br>VINCE CULLEN,[1] Warden, San Quentin State Prison,<br><br>           Respondent. | No. 2:06-cv-00807-TMB<br><br>MEMORANDUM DECISION |

   Petitioner Danny Lee Meakins, a state prisoner appearing *pro se*, has filed a petition for habeas corpus relief under 28 U.S.C. § 2254.  Meakins is currently in the custody of the California Department of Corrections and Rehabilitation, incarcerated at the San Quentin State Prison.  Respondent has answered.  Meakins has not replied to the answer.

I.  BACKGROUND/PRIOR PROCEEDINGS

   Following a trial by jury, in April 1995 Meakins was convicted in the Sacramento County Superior Court of murder in the second-degree (Cal. Penal Code, § 187).  Meakins was sentenced to a prison term of 15 years to life, with two one-year enhancements for prior prison terms.  Meakins does not challenge his conviction or sentence in this proceeding.

   In May 2005 Meakins appeared before the Board of Prison Terms for his initial parole suitability hearing.  The Board denied Meakins parole for a period of four years.  Meakins timely

---

[1] Vince Cullen., Warden (A), San Quentin State Prison, is substituted for Robert L. Ayers, Jr., Warden, San Quentin State Prison.  Fed. R. Civ. P. 25(d).

filed a petition for habeas corpus relief in the Sacramento County Superior Court, which petition was denied in an unpublished, reasoned decision.  The California Court of Appeal summarily denied Meakins petition for habeas corpus relief without opinion or citation to authority and the California Supreme Court summarily denied review without opinion or citation to authority on March 15, 2006.  Meakins timely filed his petition for relief in this Court on March 20, 2006.

After the pleadings were complete and the issues joined, this Court stayed further proceedings in this action pending decision by the en banc panel of the United States Court of Appeals for the Ninth Circuit in *Hayward*.[2]  The Ninth Circuit has issued its en banc opinion in *Hayward*;[3] therefore, the Court terminates the stay and decides the case.

## II.  GROUNDS RAISED/DEFENSES

Meakins raises three grounds for relief:  (1) the board improperly denied parole based solely on the nature of his commitment offense; (2) the Board failed to properly consider all the statutory factors; and (3) the "some evidence" standard applied by the California courts violates the standard of *Superintendent v. Hill*.[4]  Respondent does not assert any affirmative defense.[5]

## III.  STANDARD OF REVIEW

Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2254(d), this court cannot grant relief unless the decision of the state court was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the

---

[2] *Hayward v. Marshall*, 512 F.3d 536, *rehrg en banc granted*, 527 F.3d 797 (9th Cir. 2008).

[3] *Hayward v. Marshall*, 603 F.3d 546 (9th Cir. 2010) (en banc).

[4] 472 U.S. 445 (1985).

[5] *See* Rules—Section 2254 Cases, Rule 5(b).

Supreme Court of the United States" at the time the state court renders its decision or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."[6] The Supreme Court has explained that "clearly established Federal law" in § 2254(d)(1) "refers to the holdings, as opposed to the dicta, of [the Supreme Court] as of the time of the relevant state-court decision."[7] The holding must also be intended to be binding upon the states; that is, the decision must be based upon constitutional grounds, not on the supervisory power of the Supreme Court over federal courts.[8] Thus, where holdings of the Supreme Court regarding the issue presented on habeas review are lacking, "it cannot be said that the state court 'unreasonabl[y] appli[ed] clearly established Federal law.'"[9] When a claim falls under the "unreasonable application" prong, a state court's application of Supreme Court precedent must be objectively unreasonable, not just incorrect or erroneous.[10] The Supreme Court has made clear that the objectively unreasonable standard is a substantially higher threshold than simply believing that the state court determination was incorrect.[11] "[A]bsent a specific constitutional violation, federal habeas corpus review of trial error is limited to whether the error 'so infected

---

[6] 28 U.S.C. § 2254(d); *see Williams v. Taylor*, 529 U.S. 362, 404-06 (2000); *see also Lockyer v. Andrade,* 538 U.S. 63, 70-75 (2003) (explaining this standard).

[7] *Williams*, 529 U.S. at 412.

[8] *Early v. Packer*, 537 U.S. 3, 10 (2002).

[9] *Carey v. Musladin*, 549 U.S. 70, 77 (2006) (alterations by the Court); *see Wright v. Van Patten*, 552 U.S. 120, 127 (2008) (per curiam); *Kessee v. Mendoza-Powers*, 574 F.3d 675, 678-79 (9th Cir. 2009); *Moses v. Payne*, 555 F.3d 742, 753-54 (9th Cir. 2009) (explaining the difference between principles enunciated by the Supreme Court that are directly applicable to the case and principles that must be modified in order to be applied to the case; the former are clearly established precedent for purposes of § 2254(d)(1), the latter are not).

[10] *Wiggins v. Smith*, 539 U.S. 510, 520-21 (2003) (internal quotation marks and citations omitted).

[11] *Schriro v. Landrigan*, 550 U.S. 465, 473 (2007).

the trial with unfairness as to make the resulting conviction a denial of due process.'"[12]  In a federal habeas proceeding, the standard under which this court must assess the prejudicial impact of constitutional error in a state-court criminal trial is whether the error had a substantial and injurious effect or influence in determining the outcome.[13]  Because state court judgments carry a presumption of finality and legality, the petitioner has the burden of showing by a preponderance of the evidence that he or she merits habeas relief.[14]

In applying this standard, this Court reviews the last reasoned decision by the state court.[15]  Under AEDPA, the state court's findings of fact are presumed to be correct unless the petitioner rebuts this presumption by clear and convincing evidence.[16]  This presumption applies to state trial courts and appellate courts alike.[17]

28 U.S.C. § 2248 provides:

> The allegations of a return to the writ of habeas corpus or of an answer to an order to show cause in a habeas corpus proceeding, if not traversed, shall be accepted as true except to the extent that the judge finds from the evidence that they are not true.

---

[12] *Lewis v. Jeffers*, 497 U.S. 764, 780 (1990) (quoting *Donnelly v. DeChristoforo*, 416 U.S. 637, 643 (1974)).

[13] *Fry v. Pliler*, 551 U.S. 112, 121 (2007) (adopting the standard set forth in *Brecht v. Abrahamson*, 507 U.S. 619, 637-38 (1993)).

[14] *Silva v. Woodford*, 279 F.3d 825, 835 (9th Cir. 2002); *see Wood v. Bartholomew*, 516 U.S. 1, 8 (1995) (per curiam) (stating that a federal court cannot grant "habeas relief on the basis of little more than speculation with slight support").

[15] *Ylst v. Nunnemaker*, 501 U.S. 797, 804 (1991); *Robinson v. Ignacio,* 360 F.3d 1044, 1055 (9th Cir. 2004).

[16] 28 U.S.C. § 2254(e)(1); *Miller-El v. Cockrell*, 537 U.S. 322, 340 (2003).

[17] *Stevenson v. Lewis*, 384 F.3d 1069, 1072 (9th Cir. 2004).

Under § 2248, where there is no denial of the Respondent's allegations in the answer, or the denial is merely formal unsupported by an evidentiary basis, the court must accept Respondent's allegations.[18] Where a petitioner has not disputed a contention in the response and it does not appear from the record before the court that the contention is erroneous, the court may accept that contention.[19]

## IV.  DISCUSSION

Meakins first and second grounds are decided under the same standard and are discussed together.  Meakins third ground, that the standard "some modicum of evidence" applied by the California courts is unconstitutional under *Hill*, is foreclosed by the en banc decision in *Hayward*.[20]

The Sacramento County Superior Court rejected Meakin's arguments under his first and second grounds, holding:

> [Meakins] claims that the denial of parole was based solely on his commitment offense and priori non-criminal prison conduct, without any real evidence that he is a current unreasonable risk to public safety.  He claims that the panel abused its discretion in making findings not supported by the record, and manipulated the evidence in doing so.  He also claims that the panel failed to actually consider all the relevant reliable information in a proper manner.
> Despite [Meakin's] additional claim to the contrary, the standard for judicial review of a parole decision by the parole board is that there is "some evidence" to support the decision (In re Rosenkrantz (2002) 29 Cal. 4th 616 [decided when parole decision was made by former Board of Prison Terms]; see Superintendent v. Hill (1985) 472 U.S. 445, 456-457; In re Powell (1988) 45 Cal.3d 8 4, 903-904).

---

[18] *See Carlson v. Landon*, 342 U.S. 524, 530 (1952).

[19] *Phillips v. Pitchess*, 451 F.2d 913, 919 (9th Cir. 1971).

[20] *Hayward*, 603 F.3d at 558–59.

> [Meakin's] basic claim is meritless.  The parole panel thoroughly considered all of the evidence presented to it, including evidence of the commitment offense, [Meakin's] past criminal history, [Meakin's] relationships in the past and present, [Meakin's] conduct since being incarcerated, whether [Meakins] had participated in vocational training or self-help programs including Alcoholics Anonymous, as well as his recent psychological evaluation.  All but [Meakin's] conduct in prison, which has been disciplinary-free, was negative under the evidence presented.  The panel relied on more than "some evidence" in denying parole, based on the callous nature of the commitment offense in severely shaking and abusing a near-newborn child and thereafter ignoring the child's obvious traumatized condition for a substantial period of time before the child finally died; [Meakin's] failure to attend any self-help program for his obvious alcoholism; [Meakin's] high risk evaluation by the psychotherapist, which appears to have been substantiated by the evidence; and [Meakin's] lack of realistic parole plan, noting only a job offer that would entail driving a truck when [Meakins] has had so many driving under the influence convictions in the past that it would be unlikely that he would be able to obtain a truck driver's license.  Any of these alone would have constituted the "some evidence" necessary under <u>Rosenkrantz</u>, for this court to uphold the parole denial in this habeas proceeding.
>
>   [Meakins] fails to state a prima facie case for relief, requiring denial of the petition (<u>In re Bower</u> (1985) 38 Cal.3d 865).

In this case, this Court "need only decide whether the California judicial decision approving the [Board's] decision rejecting parole was an 'unreasonable application' of the California 'some evidence' requirement, or 'was based on an unreasonable determination of the facts in light of the evidence.'"[21]  Consequently, this Court must canvas and apply California law to the facts in the record.  Under California law "some evidence" of future dangerousness is a *sine qua non* for denial of parole.[22]  As the Ninth Circuit noted:

> As a matter of California law, "the paramount consideration for both the Board [of Prison Terms] and the Governor under the governing statutes is whether the inmate currently poses a threat to public safety." (Footnote omitted)  There must be "some evidence" of such a threat, and an aggravated offense "does not, in every case, provide evidence that the inmate is a current threat to public safety."

---

[21] *Hayward*, 603 F.3d at 563 (footnotes citing 28 U.S.C. § 2254(d) omitted).

[22] *In re Lawrence*, 190 P.3d 535, 549 (Cal. 2008); *In re Shaputis*, 190 P.3d 573, 582 (Cal. 2008).

(Footnote omitted).  The prisoner's aggravated offense does not establish current dangerousness "unless the record also establishes that something in the prisoner's pre or post-incarceration history, or his or her current demeanor and mental state" supports the inference of dangerousness. (Footnote omitted.)  Thus, in California, the offense of conviction may be considered, but the consideration must address the determining factor, "a current threat to public safety."  (Footnote omitted.)[23]

Under California law, a parole release date must be set "unless [the Board] determines that the gravity of the current convicted offense or offenses, or the timing and gravity of current or past convicted offense or offenses, is such that consideration of the *public safety* requires a more lengthy period of incarceration for this individual, and that a parole date, therefore, cannot be fixed . . . ."[24]  "The nature of the prisoner's offense, alone, can constitute a sufficient basis for denying parole."[25]  The Board must, however, "point to factors beyond the minimum elements of the crime for which the inmate was committed" that demonstrate the inmate will, at the time of the suitability hearing, present a danger to society if released.[26]  The Board "may credit evidence suggesting the inmate committed a greater degree of the offense than his or her conviction evidences."[27]  "[T]he statutory and regulatory mandate to normally grant parole to life prisoners who have committed murder means that, particularly after these prisoners have served their suggested base terms, the underlying circumstances of the commitment offense alone rarely will provide a valid basis for denying parole when there is strong evidence of rehabilitation and no

---

[23] *Hayward*, 603 F.3d at 562 (omitted footnotes are pinpoint citations to *Lawrence*) (internal alteration in the original).

[24] Cal. Penal Code § 3041(b) (emphasis added); *Lawrence*, 190 P.3d at 546; *see Rosenkrantz*, 59 P.3d at 202-03.

[25] *In re Rosenkrantz*, 59 P.3d 174, 222 (Cal. 2002).

[26] *In re Dannenberg,* 104 P.3d 783, 786-87, 802-803 (Cal. 2005); *see Rosenkrantz*.

[27] *Dannenberg*, 104 P.3d at 803 n.16 (citing *Rosenkrantz*, 59 P.3d at 219).

other evidence of current dangerousness."[28]  Where, however, the record also contains evidence of other factors relevant to showing unsuitability for parole, the aggravating circumstances of the crime reliably may continue to predict current dangerousness even after many years of incarceration.[29]

The California Supreme Court has provided substantial guidance on the factors to be considered in applying these general principles.

> Title 15, section 2402 of the California Code of Regulations sets forth the factors to be considered by the Board in carrying out the mandate of the statutes.[FN13]  This regulation is designed to guide the Board's assessment of whether the inmate poses "an unreasonable risk of danger to society if released from prison," and thus whether he or she is suitable for parole. (Regs., § 2402, subd. (a).)[FN14]  The regulation also lists several circumstances relating to unsuitability for parole[FN15]—such as the heinous, atrocious, or cruel nature of the crime, or an unstable social background; and several circumstances relating to *suitability* for parole—such as an inmate's rehabilitative efforts, demonstration of remorse, and the mitigating circumstances of the crime.[FN16]  (Regs., § 2402, subds. (c), (d).)  Finally, the regulation explains that the foregoing circumstances "are set forth as general guidelines; the importance attached to any circumstance or combination of circumstances in a particular case is left to the judgment of the panel." (Regs., § 2402, subds. (c), (d).) [. . . .]
>
> > [FN13.]  Petitioner's parole suitability is governed by Title 15, section 2402, which we addressed in *Rosenkrantz, supra,* 29 Cal.4th 616, 128 Cal.Rptr.2d 104, 59 P.3d 174—a discussion excerpted in substantial part below.  In the companion case of *Lawrence, supra,* 44 Cal.4th 1181, 82 Cal.Rptr.3d 169, 190 P.3d 535, the inmate's parole suitability is governed by Title 15, section 2281, which provides parole consideration criteria and guidelines for murders committed prior to November 8, 1978.  The two sections are identical.
> >
> > [FN14.]  These factors include "the circumstances of the prisoner's social history; past and present mental state; past criminal history, including involvement in other criminal misconduct which is reliably documented; the base and other commitment offenses, including behavior before, during and after the crime; past and present attitude toward the crime; any

---

[28] *Lawrence*, 190 P.3d at 553.

[29] *See Shaputis*, 190 P.3d at 584-85.

conditions of treatment or control, including the use of special conditions under which the prisoner may safely be released to the community; and any other information which bears on the prisoner's suitability for release. Circumstances which taken alone may not firmly establish unsuitability for parole may contribute to a pattern which results in a finding of unsuitability." (Regs., § 2402, subd. (b).)

[FN15.] Unsuitability factors are: (1) a commitment offense carried out in an "especially heinous, atrocious or cruel manner"; (2) a "[p]revious [r]ecord of [v]iolence"; (3) "a history of unstable or tumultuous relationships with others"; (4) "[s]adistic [s]exual [o]ffenses"; (5) "a lengthy history of severe mental problems related to the offense"; and (6) "[t]he prisoner has engaged in serious misconduct in prison or jail." (Regs., § 2402, subd. (c)(1)-(6).) This subdivision further provides that "the importance attached to any circumstance or combination of circumstances in a particular case is left to the judgment of the panel." (Regs., § 2402, subd. (c).)

Factors supporting a finding that the inmate committed the offense in an especially heinous, atrocious, or cruel manner include the following: (A) multiple victims were attacked, injured, or killed in the same or separate incidents; (B) the offense was carried out in a dispassionate and calculated manner, such as an execution-style murder; (C) the victim was abused, defiled, or mutilated during or after the offense; (D) the offense was carried out in a manner that demonstrates an exceptionally callous disregard for human suffering; and (E) the motive for the crime is inexplicable or very trivial in relation to the offense. (Regs., § 2402, subd. (c)(1).)

[FN16.] Suitability factors are: (1) the absence of a juvenile record; (2) "reasonably stable relationships with others"; (3) signs of remorse; (4) a crime committed "as the result of significant stress in [the prisoner's] life"; (5) battered woman syndrome; (6) the lack of "any significant history of violent crime"; (7) "[t]he prisoner's present age reduces the probability of recidivism"; (8) "[t]he prisoner has made realistic plans for release or has developed marketable skills that can be put to use upon release"; and (9) the inmate's "[i]nstitutional activities indicate an enhanced ability to function within the law upon release." (Regs., § 2402, subd. (d)(1)-(9).)

"[T]he governing statute provides that the Board *must* grant parole *unless* it determines that *public safety* requires a lengthier period of incarceration for the individual because of the gravity of the offense underlying the conviction. (Pen.Code, § 3041, subd. (b).) And as set forth in the governing regulations, the Board must set a parole date for a prisoner unless it finds, in the exercise of its judgment after considering the circumstances enumerated in section 2402 of the regulations, that the prisoner is unsuitable for parole. Accordingly, parole applicants in this state have an expectation that they will be granted parole unless

the Board finds, in the exercise of its discretion, that they are unsuitable for parole in light of the circumstances specified by statute and by regulation." (*Rosenkrantz, supra,* 29 Cal.4th at p. 654, 128 Cal.Rptr.2d 104, 59 P.3d 174, Italics added.)[30]

"[T]he precise manner in which the specified factors relevant to parole suitability are considered and balanced lies within the discretion of the Governor . . . . It is irrelevant that a court might determine that evidence in the record tending to establish suitability for parole far outweighs evidence demonstrating unsuitability for parole.  As long as the Governor's decision reflects *due consideration of the specified factors* as applied to the individual prisoner in accordance with applicable legal standards, the court's review is limited to ascertaining whether there is some evidence in the record that supports the Governor's decision."[31]

This court does not re-weigh the evidence or substitute it's discretion for that of the Board.  Under California law, judicial review of a decision denying parole is "extremely deferential."[32]  It is through this doubly deferential lens that this court reviews the decision of the Sacramento County Superior Court.  Based upon the record before it, applying *Rosenkrantz, Dannenberg, Lawrence* and *Shaputis*, this court cannot say that the decision of the Sacramento County Superior Court affirming denial of parole on the basis that it was supported by some evidence was contrary to, or involved an unreasonable application of California law or was based on an unreasonable determination of the facts in light of the evidence.  Indeed the psychological evaluation that Meakins presented a relatively high risk of future danger to society is in itself sufficient.[33]  Meakins is not entitled to relief under his first or second grounds.

## V.  CONCLUSION AND ORDER

Meakins is not entitled to relief under any ground raised in the petition.  Accordingly,

---

[30] *Shaputis*, 190 P.3d at 582-83 (emphasis in the original).

[31] *Shaputis*, 190 P.3d at 585 (emphasis in the original) (quoting *Rosenkrantz*, 59 P.3d at 218).

[32] *Rosenkrantz*, 59 P.3d at 210.

[33] *Hayward*, 603 F.3d at 563.

**IT IS ORDERED THAT** the Petition for a writ of habeas corpus under 28 U.S.C. § 2254 is **DENIED**.

**IT IS FURTHER ORDERED THAT** the court declines to issue a Certificate of Appealability.[34]  Any further request for a Certificate of Appealability must be addressed to the Court of Appeals.  *See* Fed. R. App. P. 22(b); Ninth Circuit R. 22-1.

The Clerk of the Court to enter final judgment accordingly.

Dated:  June 17, 2010.

s/ Timothy M. Burgess
TIMOTHY M. BURGESS
United States District Judge

---

[34] 28 U.S.C. § 2253(c); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (a COA should be granted where the applicant has made "a substantial showing of the denial of a constitutional right," *i.e.,* when "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further") (internal quotation marks and citations omitted).